UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| DONOVAN SIERS,<br><br>   Plaintiff,<br><br>vs.<br><br>RANDOLPH J. SEILER, KIRK W. ALBERTSON, TIM M. MAHER, UNKNOWN FEDERAL PROSECUTOR, RICHARD KUMLEY, GERALD DILLION, GILBERT MORRISON, KELSEY RUBY,<br><br>   Defendants. | 3:17-CV-03005-KES<br><br><br><br>ORDER GRANTING<br>LEAVE TO AMEND |

  Plaintiff, Donavan Siers, was an inmate at the Hughes County Jail in Pierre, South Dakota. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and paid his filing fee. Docket 1; Docket 5. The court has now screened Siers' complaint under 28 U.S.C. § 1915A, and for the reasons stated below, grants him leave to amend his complaint.

  Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*,

221 F. App'x 481, 482 (8th Cir. 2007). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Siers fails to state a claim upon which relief may be granted. He states that officers entered his property unlawfully and assaulted him, but does not described what happened. In order to state a claim, he must allege facts, something more than the legal conclusions in his current complaint. Because Siers may be able to state a claim, and because he is proceeding pro se, the court grants him leave to amend his complaint. Siers must specifically state the facts that give rise to each of his claims.

Thus, it is

ORDERED that if Siers wishes to continue with his case, he may amend his complaint by June 12, 2017. If he fails to do so, his complaint will be dismissed without further notice.

Dated May 10, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE